**CITIZENS FOR A BETTER HUTCHIN-
SON, etc., Appellant,**

v.

**The MINNESOTA DEPARTMENT OF
NATURAL RESOURCES, et al.,
Respondents,**

**City of Hutchinson, Respondent.**

**No. 46820.**

Supreme Court of Minnesota.

May 6, 1977.

Dayton, Herman & Graham, John H. Herman and Kathleen M. Graham, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., C. Paul Faraci, Deputy Atty. Gen., William G. Peterson, Spec. Asst. Atty. Gen., St. Paul, for Minn. Dept. of Natural Resources, et al.

Keefe, Schantzen, Bradford & Richards, and Milton D. Schantzen, Hutchinson, for City of Hutchinson.

W. B. Haas, Hutchinson, for Common Sense Group, seeking affirmance, amicus curiae.

Heard before TODD, MacLAUGHLIN and STAHLER, JJ., and considered and decided by the court en banc.

## PER CURIAM.

The city of Hutchinson proposed to construct a bridge within its city limits over the south fork of the Crow River. A hearing was held by the Minnesota Department of Natural Resources (DNR) which thereafter approved the construction. The plaintiff challenged the DNR decision alleging in nine separate causes of action that the granting of the permit was improper. The trial court dismissed eight of the nine counts, stating that all the matters raised in the pleadings would be considered in the remaining cause of action. Plaintiff appeals from the order of dismissal. We affirm.

For several years the city of Hutchinson has been attempting to construct a bridge within its city limits to alleviate a dangerous public health and safety problem which was caused by the occasional flooding of the Crow River. The city originally applied for and was granted a permit in 1971. Subsequently, the city filed an application with the DNR requesting an extension of time on the previous permit and also to permit excavation and dredging of the riverbed in order to construct embankments for the bridge. The DNR held a hearing pursuant to Minn.St. 105.44 on the permit application, and in September 1975 issued a permit allowing the city to proceed with construction of the bridge.

Plaintiff appealed the DNR decision to the district court, challenging the propriety of the granting of the permit in nine separate causes of action. In response to a motion by defendants, DNR, its commissioner, and the city, the trial court dismissed eight of the nine causes of action. In the order and an accompanying memorandum, the trial court stated that the entire complaint would be considered as an appeal from the DNR decision pursuant to Minn.St. 105.47, and that none of plaintiff's rights under the eight causes of action being dismissed would be prejudiced by the court's order:

"Upon review of the complaint in this matter it would appear to the Court that the first eight counts of said complaint are matters for the Court to consider in reviewing the record to determine whether the Commissioner, through his Hearing Officer, made an order which is unjust, unreasonable, not supported by the evidence or otherwise unlawful and that these matters will be considered by the Court in reviewing the record on appeal in this particular matter."

It is readily apparent to this court that the appeal procedure set forth in

Minn.St. 105.47 will provide plaintiff with an adequate means to challenge the DNR decision. In its order of dismissal, the trial court protected all of plaintiff's substantive rights. We do not perceive any possible prejudice to the plaintiff resulting from the trial court's action in dismissing its first eight causes of action since it may raise all appropriate objections to the DNR action within the framework of its appeal pursuant to § 105.47. The order of dismissal, rather than precluding plaintiff from asserting its rights, specifically protects its right to challenge the DNR decision through each of the alleged claims included within its original complaint.

█ We fail to perceive the necessity of bringing this matter before our court at this time other than for purpose of delay. We disapprove of such action.

Affirmed.

MacLAUGHLIN, Justice (concurring specially).

I believe this appeal was brought in good faith, but agree that the plaintiff's rights have been fully protected in the order of dismissal. Therefore, I concur in the result.